# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs April 28, 2011

## THE BANK OF FAYETTE COUNTY
### v.
## SIMON M. WOODY, JR., D/B/A ROYAL KINGDOM BUILDERS

**An Appeal from the Circuit Court for Fayette County**
**No. 5326     William C. Cole, Chancellor**

_____

**No. W2010-01798-COA-R3-CV - Filed June 30, 2011**

_____

This is an action by the bank to recover against the debtor for defaulting on a loan. The plaintiff bank made a loan to the defendant debtor for the purchase of real property, and the property was pledged to secure the loan. The debtor defaulted on the loan, the property was sold, and the proceeds were applied to the debt. The bank filed this lawsuit against the debtor for the deficiency. After a bench trial, the trial court entered a judgment in favor of the bank. The debtor now appeals, arguing that the trial court erred in failing to grant him a continuance in order to obtain counsel. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Simon M. Woody, Jr., d/b/a Royal Kingdom Builders, Collierville, Tennessee, Respondent/Appellant, *Pro Se*

Thomas M. Minor, Somerville, Tennessee, for the Petitioner/Appellee The Bank of Fayette County

# MEMORANDUM OPINION[1]

On December 1, 2008, Defendant/Appellant Simon M. Woody, Jr., d/b/a Royal Kingdom Builders ("Debtor") borrowed $600,000 from the Plaintiff/Appellee The Bank of Fayette County ("the Bank") to purchase real property in a residential subdivision in Fayette County. The property was pledged as collateral for the loan. A promissory note was signed in the Debtor's individual capacity. The property pledged to secure the loan was owned individually by the Debtor. The deed of trust that served to pledge and secure the loan in favor of the Bank was executed in the Debtor's individual capacity. The Debtor failed to repay the loan in accordance with the terms of the note.

On May 26, 2009, foreclosure proceedings were initiated, and the property was sold for $500,000. Out of the sale proceeds, $5,654.18 was applied toward the costs and expenses of bringing the sale, with the remainder applied against the loan. Thus, the Bank applied the sum of $494,345.82 to the Debtor's loan, leaving a deficiency balance of $105,654.18.

On June 10, 2009, the Bank filed this lawsuit against the Debtor seeking recovery of the deficiency on the note, a total of $115,873 by the time the complaint was filed. The Debtor, through counsel, filed an answer in which he denied all liability. On November 30, 2009, the Bank filed its first set of interrogatories, requests for production of documents, and requests for admission. The Debtor did not answer this discovery in a timely manner.

On January 20, 2010, the Bank filed a motion to deem as admitted its previously filed requests for admission, and to compel responses to the interrogatories and document requests. On February 10, 2010, the trial court conducted a hearing on the Bank's motion.[2] The Debtor did not appear for the hearing, and the trial court granted the Bank's motion. The trial court ordered the Debtor to provide responses to the interrogatories and documents requested within ten days, deemed admitted the requests for admission, and awarded $500 to the Bank for its costs incurred in bringing the motion. As a result of the trial court's order, the Debtor was deemed to have admitted that he signed the note, that he signed it in his

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]On February 10, 2010, the case was assigned to Allan W. Wallace, Senior Judge. On May 10, 2010, the case was reassigned to Chancellor William C. Cole. The trial was conducted by Chancellor Cole.

individual capacity, that he pledged the property to the Bank in his individual capacity, and that the deed of trust was executed in his individual capacity.

On February 16, 2010, counsel for the Debtor filed a motion to withdraw as Debtor's counsel, citing inability to communicate with the Debtor as his reason for withdrawal. On May 13, 2010, the trial court set the matter for trial on May 27, 2010. On May 17, 2010, the trial court entered a consent order allowing counsel for the Debtor to withdraw as his counsel of record.

The May 27, 2010 trial date was continued to July 22, 2010. On June 11, 2010, the Debtor, *pro se*, filed a "Motion of Notice to Seek Discoverable Evidence to Obtain Counsel for Scheduled Future Trial." In this motion, the Debtor sought to "put the court on notice" that he intended to file a motion for production of documents from the Bank. With the produced documents, the Debtor claimed, he "should be able to secure counsel to attend the July 22, 2010 scheduled court date." No further pleadings were filed, and the trial court did not rule on the motion.

On July 22, 2010, the parties appeared before the trial court for the scheduled bench trial. The Debtor was still without counsel at the time. There is no indication in the record that the Debtor sought to have the case continued, or that he objected to going forward with trial.

Although no transcript of the trial was made, the appellate record includes a Statement of the Evidence.[3] According to this Statement, Bank representative David Robertson ("Mr. Robertson") testified at trial on behalf of the Bank. He testified to the facts set forth above regarding the loan made to the Debtor, the Debtor's default, the foreclosure and sale of the real property, and the resulting deficiency owed by the Debtor of $115,873 that continued to accrue interest at 5% per year. The Debtor did not cross-examine Mr. Robertson. The Bank rested its case after the testimony of Mr. Robertson.

The trial court then offered the Debtor an opportunity to present his defense to the Bank's claim. The Debtor offered no testimony or other evidence, but he made statements to the trial court that the loan made to him was illegal due to the source from which the loan funds were derived. At the conclusion of the Debtor's statements, counsel for the Bank conducted a

_____

[3]The Debtor filed a notice that no transcript of the proceedings or statement of the evidence would be filed in the appeal. On October 12, 2010, the Bank filed a Statement of the Evidence in accordance with Rule 24(d) of Tennessee Rules of Appellate Procedure. Even though the trial court did not rule on the proposed Statement of the Evidence, the Debtor made no objection to the Statement of the Evidence. This Statement of the Evidence, therefore, is "deemed to have been approved [by the trial court] and shall be so considered by the appellate court." Tenn. R. App. P. 24(f).

cross-examination of the Debtor. During questioning, the Debtor conceded that, by virtue of his failure to respond to discovery, he was deemed to have admitted to the facts set out in the Bank's requests for admission. He also acknowledged that he had received the $600,000 from the Bank, and that he had not repaid the loan in accordance with the repayment terms of the promissory note. The Debtor admitted that he did not object to the manner in which the property was sold, or to the manner in which the Bank calculated the deficiency balance.

At the conclusion of trial, the trial court found in favor of the Bank and entered a judgment against the Debtor for $128,915.48, which was the amount of the deficiency plus interest. On August 6, 2010, the trial court entered an order consistent with its oral ruling. From this order, the Debtor now appeals.

The Debtor raises one issue on appeal. He argues that "the trial court erred by refusing to grant the PRO SE Defendant-Appellant, a continuance in order to secure discovery after the trial court permitted his former lawyer to withdraw two (2) months before trial." Ordinarily, when a trial is conducted before a trial court sitting without a jury, we review the trial court's findings of fact *de novo* on the record, presuming those findings to be correct unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). In this appeal, however, the Debtor challenges only the trial court's failure to grant a continuance to give him an opportunity to obtain counsel. Whether a trial court should grant a continuance is a matter within the trial court's sound discretion. Therefore, the decision to grant or deny a continuance "will be reversed only if it appears that the . . . court abused its discretion to the prejudice of the defendant." **State v. Odom**, 137 S.W.3d 572, 589 (Tenn. 2004); **State v. Scott**, 33 S.W.3d 746, 752 (Tenn. 2000).

The Bank claims that we should reject the Debtor's argument, because the Debtor did not request a continuance of the July 22, 2010 trial; rather, he appeared and represented himself at trial without objection. The Bank asserts that "[t]he only request for [a] continuance made by the [Debtor] was made in open court on the first trial date of May 27, 2010," and that this request was granted.[4] The Debtor does not dispute this contention. The Statement of the Evidence, the only record of the trial proceedings, contains no reference to a request for a continuance made by the Debtor. This Court's review of the proceedings below is, of course, limited to the record, and the record in this case indicates that the Debtor did not ask the trial court for a continuance of the July 22, 2010 trial date.

---

[4]The Bank correctly notes that there is no document in the record to show that the Debtor requested a continuance of the May 27, 2010 trial date, except that the record reflects that the trial date was, indeed, continued until July 22, 2010.

Because the Debtor did not raise the issue of a continuance in the trial court, he has waived the argument on appeal. ***Waters v. Farr***, 291 S.W.3d 873, 918 (Tenn. 2009) (stating that issues not raised in the trial court are waived on appeal); Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). Even if we were to address the substance of this issue, however, we note that there is insufficient evidence in the record to show that the trial court abused its discretion in failing to grant a continuance to the Debtor, especially when no request for continuance was made. ***See also Carlson v. Carlson***, No. E2007-01276-COA-R3-CV, 2008 WL 4735307, at *8 (Tenn. Ct. App. Oct. 27, 2008) (determining that trial court did not abuse its discretion in failing to make a finding on an issue not requested and the evidence was insufficient). There being no other assignment of error on appeal, we affirm the decision of the trial court in all respects.

## CONCLUSION

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Simon M. Woody, Jr., d/b/a Royal Kingdom Builders, and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE